JUDGE CROTTY

08 CIV 6246

**UMAR A. SHEIKH, ESQ. (US 5497)**
**SHEIKH PC**
386 Park Avenue South, Suite 1914
New York, NY 10016
(212) 683-1350

*Attorneys for Plaintiff*
*Tracer Imaging, LLC*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRACER IMAGING, LLC, and STEVEN SPIRO,<br><br>Plaintiffs,<br><br>-against-<br><br>INTERNATIONAL PATTERNS, INC., and PAUL KAPLAN,<br><br>Defendants. | Civil Action No.: _____/2008<br><br><br><br>**COMPLAINT** |

Plaintiffs, TRACER IMAGING, LLC ("TRACER") and STEVEN SPIRO ("SPIRO" and together with TRACER, the "Plaintiffs"), by way of Complaint against INTERNATIONAL PATTERNS, INC., ("IPI") and PAUL KAPLAN ("KAPLAN" and together with IPI, the "Defendants"), respectfully state as follows:

### NATURE OF THE ACTION

This is an action for: (a) a Declaratory Judgment pursuant to 28 U.S.C. § 2201 to adjudicate and declare the respective rights of the Parties with relation to certain intellectual property that Defendant, International Patterns, Inc., alleges the Plaintiff, Tracer Imaging, LLC, has infringed upon; and (b) for damages under the Clayton Act, 15 U.S.C. § 15, for Plaintiff's violation of the Sherman Act, 15 U.S.C. § 2, which violation is based upon, among other things,

Plaintiff's fraudulent and inequitable conduct with respect to the prosecution of a certain patent application before the United States Patent and Trademark Office (the "USPTO").

## THE PARTIES

1. Plaintiff, Tracer Imaging LLC ("TRACER") is a Delaware limited liability company, authorized to do business within the State of New York, with a principal place of business within the County of Westchester, State of New York, at 20 Haarlem Avenue, White Plains, New York 10603.

2. Plaintiff, Steven Spiro ("SPIRO", and together with TRACER, the "Plaintiffs") is a natural person and a resident of the State of New York.

3. Defendant, International Patterns, Inc. ("IPI"), is a New York corporation, with a principal place of business within the County of Suffolk, State of New York, at 50 Inez Drive, Bay Shore, New York 11706.

4. Upon information and belief, Defendant, Paul Kaplan ("KAPLAN", and together with IPI, the "Defendants"), is a resident of the State of New York.

5. Upon information and belief, KAPLAN is the Chairman of IPI and maintains a place of business within the County of Suffolk, State of New York, at 50 Inez Drive, Bay Shore, New York 11706.

## FEDERAL SUBJECT MATTER JURISDICTION

6. The Court has federal original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the same is a civil action arising under the Constitution, laws, or treaties of the United States.

7.      Specifically, the Court has original federal subject matter jurisdiction because the within civil action concerns a dispute over certain intellectual property rights, which rights arise under the laws of the United States, including but not limited to Title 35 of the United States Code.

8.      Specifically, the Court has original federal subject matter jurisdiction because the within civil action concerns a violation of the antitrust laws of the United States, which laws are set forth within Title 15 of the United States Code.

## PERSONAL JURISDICTION

9.      The Court has personal jurisdiction over the Defendants.

10.     Defendant IPI maintains a place of business within the State of New York and, upon information and belief, regularly conducts business within this Judicial District.

11.     Upon information and belief, Defendant KAPLAN resides within the State of New York and regularly conducts business within this Judicial District.

12.     Upon information and belief, the Defendants have and continue to knowingly engage, directly or indirectly, in acts and conduct with the reasonable expectation that such actions will and do significantly affect the interests of the Plaintiffs and other citizens and residents of this Judicial District and the State of New York.

## VENUE

13.     Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391 (b) and (c) and 28 U.S.C. § 1400.

# FACTS

## *Background*

14. Plaintiff TRACER is engaged in the business of promotion, manufacturing, and distribution of marketing and point-of-sale related products.

15. Upon information and belief, Defendant IPI is engaged, among other things, in the business of sign production and sale.

## *The Agreement*

16. On or about April 13, 2006, TRACER and IPI executed a written document entitled "Partnership Agreement" (the "Agreement").

17. Among other things, the Agreement states:

> [IPI] ..., and [TRACER] ... intend to sell, "Light Fantastic" and other specifically named lighting products manufactured or distributed by IPI (inclusively the "Products").
>
> ...
>
> Light Fantastic is currently in the process of being patented by Paul Kaplan and IPI.
>
> ...
>
> For the purposes of adding a lenticular graphic to the Light Fantastic product ("Lenticular Product") to accommodate lenticular images, the Parties will jointly file for patent protection.

## *The Patent Application*

18. Upon information and belief, on or about April 6, 2007, Defendant KAPLAN filed a Provisional Patent Application with the USPTO, which application bears USPTO Serial Number 60/910,260 (the "260 Application").

19.  Upon information and belief, the 260 Application named Defendant KAPLAN as the sole inventor of the invention described.

20.  Upon information and belief, by letter dated October 24, 2007 (the "October 24 Letter"), Defendants confirmed and acknowledged to the Plaintiffs that:

> Upon the conversion of Provisional Patent # 60/910,260 to a regular application, your name will be added as a Co-inventor.

### *Defendant's Fraudulent Conduct Before the USPTO*

21.  Upon information and belief, the time within which the 260 Application could have been converted from a provisional to a non-provisional application has expired.

22.  Upon information and belief, the 260 Application was not abandoned and the same was converted by Defendant KAPLAN to a non-provisional application.

23.  Upon information and belief, the 260 Application was not amended to include Plaintiff SPIRO as a co-inventor, nor was it amended to indicate that Plaintiff TRACER has any rights in the application.

24.  To the extent the 260 Application was not amended to include Plaintiff SPIRO as a co-inventor or otherwise note the rights of Plaintiff TRACER therein, the continued prosecution of the 260 Application without disclosure to the USPTO of Plaintiffs' rights within such application is a continuing fraud by the Defendants upon the USPTO.

25.  To the extent the 260 Application was not amended to include Plaintiff SPIRO as a co-inventor or otherwise note the rights of Plaintiff TRACER therein, and based on the admissions of the Defendants within the October 24 Letter, such continued fraud upon the USPTO is intentional and made with the intent to deceive the USPTO.

26. To the extent the 260 Application was not amended to include Plaintiff SPIRO as a co-inventor or otherwise note the rights of Plaintiff TRACER therein, the Defendants' continued actions in prosecuting the 260 Application are in violation of 37 C.F.R. § 1.56, which imposes a duty of candor upon the inventor in the prosecution of the patent.

27. The failure to name Plaintiff SPIRO as a co-inventor of the 260 Application, or otherwise note the rights of Plaintiff TRACER therein, is a material misrepresentation to the USPTO.

### *The Alleged Infringement of Intellectual Property*

28. By letter of its counsel dated April 28, 2008 (the "April 28 Letter"), IPI declared TRACER to have breached the Agreement.

29. In addition to alleging a breach of the Agreement, the April 28 Letter alleged:

   A. That TRACER was the exclusive distributor of certain products which "contain proprietary intellectual property that is owned exclusively by [IPI]";

   B. That IPI was prepared to take "appropriate legal action to protect [IPI]'s intellectual property from infringement"; and

   C. That IPI was prepared to inform TRACER's customers that "[IPI] is the sole owner of the intellectual property".

30. On or about May 21, 2008, IPI commenced an action in the Supreme Court of the State of New York, County of Suffolk entitled, International Patterns, Inc. v. Tracer Imaging, LLC, and bearing Index Number 14911/2008 of that Court (the "State Court Action"), alleging various counts of breach of the Agreement.

31. By the State Court Action, IPI did not allege any claim against TRACER based upon infringement upon any of IPI's alleged intellectual property and/or intellectual property rights.

32. By the State Court Action, IPI did not allege any claim against TRACER based on IPI's alleged sole ownership of any alleged intellectual property.

33. The Plaintiffs deny that they have and/or are infringing upon any alleged intellectual property and/or intellectual property rights of the Defendants.

34. To the extent the Defendants claim infringement of any alleged patents or patent rights, the same is denied, as the Plaintiffs have an equal if not better claim to any such alleged patents or patent rights.

## AS AND FOR THE FIRST CAUSE OF ACTION FOR A DECLARATORY JUDGMENT

35. Plaintiffs repeat the allegations contained within Paragraphs 1 – 34 as if fully set forth herein.

36. Based on the claims of Plaintiffs and Defendants as to the nature of Defendants' alleged intellectual property and/or intellectual property rights, including the allegation of infringement of such property and/or property rights, together with the threat of legal action and interference with business relations, an actual controversy exists between the Plaintiffs and Defendants.

37. As stated above, to the extent Defendants allege infringement on the part of the Plaintiffs based on alleged infringement of patent rights, Plaintiffs have an equal if not better claim to any such alleged patents or patent rights.

38. Except for such alleged rights as described above, Plaintiffs are unaware of any actual or claimed rights Defendants may have to any intellectual property, except Plaintiffs acknowledge that Defendant IPI is the owner of record of the Registered Trademark for the word mark, "LIGHT FANTASTIC", which mark bears Registration No. 3219274 of the USPTO.

39. To the extent Defendants allege infringement on the part of the Plaintiffs based on alleged infringement of any trademark rights, Plaintiffs deny any such infringement.

40. As a result, Plaintiffs respectfully request a declaration that they have not and are not infringing upon any intellectual property and/or intellectual property rights of the Defendants.

## AS AND FOR A SECOND CAUSE OF ACTION BASED UPON DEFENDANTS' VIOLATION OF THE SHERMAN ANTITRUST ACT, 15 U.S.C. § 2

41. Plaintiffs repeat the allegations contained within Paragraphs 1 – 40 as if fully set forth herein.

42. The invention that is the subject of the 260 Application is marketed to the nationwide food and beverage industry.

43. The business of the Defendants and the unlawful actions on the part of the Defendants as alleged herein concerns commerce among the various states.

44. To the extent Letters Patent issue as a result of the 260 Application, the same has the potential to allow the Defendants to dominate the nationwide food and beverage industry with such invention.

45. To the extent the Defendants are successful in obtaining Letters Patent through the 260 Application, the Defendants have the potential of exercising dominance of trade in the relevant market to the exclusion of the Plaintiffs, who are entitled to at least the same rights with

respect to the invention that is the subject of the 260 Application as the Defendants and/or Defendant KAPLAN.

46. The Defendants' attempted enforcement of its alleged intellectual property rights through the April 28 Letter is a sham, as Defendants had knowledge that: (i) Plaintiffs did not and were not infringing upon any such rights; and (ii) Plaintiffs had equal if not superior rights to the extent such alleged infringement and enforcement was based on any alleged patent rights.

47. To the extent the April 28 Letter attempted to enforce patent rights sought through the 260 Application, the same is also a sham, as Defendants had knowledge that Plaintiff SPIRO was entitled to be named as a co-inventor, and he was not, which actions constitute a continuing fraud upon the USPTO, and is in violation of the Defendants' continuing duty of candor to the USPTO.

48. To the extent any Letters Patent issue as a result of the 260 Application, the same would have been obtained through the Defendants' knowing and willful fraudulent and deceptive conduct upon the USPTO.

49. The Defendants' actions in seeking to enforce rights it does not have and/or through baseless claims, together with its fraudulent activity before the USPTO and the enforcement of alleged rights it seeks through such fraudulent activity, is in violation of the § 2 of the Sherman Act, 15 U.S.C. § 2.

50. The Defendants' actions in seeking to enforce its rights in the 260 Application to the exclusion of the Plaintiffs, and in continuing to prosecute such application without disclosure of Plaintiff SPIRO's rights as a co-inventor is an attempt by the Defendants to acquire a monopoly and eliminate the Plaintiffs from the marketplace.

51. The actions of the Defendants to attempt to acquire a monopoly in the market are intentional.

52. The Defendants' actions have the effect of reducing competition in the marketplace.

53. The Defendants actions have and will continue to injure the Plaintiffs.

54. The Plaintiffs have and will continue to suffer damages as a result of Defendants' actions, including but not limited to, the expenditure of attorneys' fees in defending against the Defendants' allegations of infringement and further enforcing their rights in and to the 260 Application.

55. As a result of the Defendants' violations of the Sherman Act, the Plaintiffs are entitled to relief under the Clayton Act, 15 U.S.C. § 15, including treble damages and reasonable attorneys' fees.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, TRACER IMAGING, LLC and STEVEN SPIRO, respectfully demand the entry of Judgment against Defendants, INTERNATIONAL PATTERNS, INC. and PAUL KAPLAN, as follows:

(a) Pursuant to 28 U.S.C. § 2201, for a declaration of the respective rights between the Parties with respect to the various claims of infringement of intellectual property setting forth that the Plaintiffs did not and are not infringing upon any intellectual property or intellectual property rights of the Defendants;

(b) Pursuant to 15 U.S.C. § 2 and § 15, for treble damages and reasonable attorneys' fees in an amount to be determined, but not less than $320,000.00, as a result of Defendants' antitrust violations;

(c) For the costs, disbursements and reasonable attorneys' fees of this action; and

(d) For such other and further relief as to this Court seems just, proper and equitable.

DATED:    July 9, 2008
         New York, NY

SHEIKH PC

_____
Umar A. Sheikh, Esq. (US 5497)

*Attorneys for Plaintiffs*
*Tracer Imaging, LLC and Steven Spiro*

386 Park Avenue South
Suite 1914
New York, NY 10016
(212) 683-1350